In the Matter of PRECISION TRANS-
FORMER CORPORATION, Debtor.

Sarah GOLDBERG as Trustee under Trust No. 101, and Sarah Goldberg as Successor Trustee under Trust No. 102, a Creditor, Appellant,

v.

METALFAB, INC., Federal Insulation Co., The Arnold Engineering Company and Allegheny Ludlum Steel Corp., Appellees.

Samuel H. WEINSTEIN, Trustee of Adler Trusts, Appellant,

v.

METALFAB, INC., Federal Insulation Co., The Arnold Engineering Company and Allegheny Ludlum Steel Corp., Appellees.

Nos. 14387-14388.

United States Court of Appeals
Seventh Circuit.

June 29, 1964.

Rehearing Denied July 27, 1964.

Anna R. Lavin, Chicago, Ill., for appellants.

Harold S. Lansing, Bernard M. Kaplan, Kevin J. Gillogly, William S. Collen, Blanksten & Lansing, Chicago, Ill., and Clifford Bruce Thomas, Madison, Wis., for appellees.

Before DUFFY, KILEY, and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

These consolidated appeals are from an order of the District Court dated September 26, 1963, striking identical answers of appellants to the Involuntary Petition for reorganization under Chapter X of the Bankruptcy Act, which was filed by

certain creditors. Appellant Weinstein is the trustee of the Adler trusts. Appellant Goldberg is the trustee under trusts 101 and 102.

The issues raised on this appeal make it necessary to set out in considerable detail, the various proceedings had in the District Court.

On March 8, 1962, Precision Transformer Corporation filed a voluntary petition for arrangement under Chapter XI of the Bankruptcy Act. An extension was granted to file schedules, statement of affairs and plan of arrangement. The debtor was continued in possession.

The financial condition of debtor, as of the date of filing its petition, can be presented in capsule form. The total assets were listed as $2,031,940.96. However, secured debts, including first and second mortgages on real estate, totaled $608,842.04; unsecured debts were $984,-866.22; outstanding unconverted debentures including accrued interest, totaled $527,011.46. A deficit of more than $200,000 was indicated.

On April 23, 1962, the Securities and Exchange Commission (S.E.C.) filed a motion to dismiss the petition which had been filed by debtor. All parties in interest were given twenty days to file an answer to the motion.

On May 31, Metalfab, Inc., Federal Insulation Co., The Arnold Engineering Company and Allegheny Ludlum Steel Corporation, as creditors, having aggregate claims totaling $198,107.84, filed an involuntary petition to convert the pending Chapter XI proceeding to a reorganization under Chapter X of the Bankruptcy Act. The petition alleged, among other things, the insolvency of the debtor; that there are 1,074,517 shares of common stock of debtor which are held by about 2,500 public shareholders; that within four months preceding the filing of the petition, debtor made preferential payment to creditors. The petition also alleged that the Chapter XI proceeding had been before the Court for almost three months and no clear plan of arrangement had been filed, and that there

was no present indication when, if at all, an acceptable plan would be filed.

The attorney for the S.E.C. informed the Court that the filing of the involuntary petition by certain creditors made it unnecessary to conduct a hearing on the then pending motion by S.E.C. to dismiss the petition under Chapter XI.

On June 13, 1962, Precision Transformer Corporation filed a motion to dismiss the involuntary petition for conversion to Chapter X which had been filed on May 31. On June 26, 1962, debtor presented a plan of arrangement under Chapter XI, and a modified plan was filed on June 27.

On July 5, 1962, S.E.C. asked leave to withdraw its motion to dismiss the petition under Chapter XI. The Court granted this motion. At this hearing, the attorney for the Debenture Holders' Committee stated the debenture holders would want more than fifty cents on the dollar if the unsecured creditors were paid off under the proposed plan of arrangement.

On August 6, 1962, the debtor announced before Referee Nowogrodski that it was abandoning instanter its plan of arrangement under Chapter XI, and the referee entered an order of abandonment but directed the debtor to remain in possession subject to the disposition by the District Court of the pending creditors' petition to convert the Chapter XI proceedings to proceedings under Chapter X of the Bankruptcy Act.

On August 7, 1962, at a hearing before the District Court, the Judge overruled debtor's motion to dismiss the involuntary petition of creditors to convert the Chapter XI proceedings to proceedings under Chapter X; granted leave to petitioning creditors to file an amendment to their involuntary petition, and appointed Mr. Edward Limperis as temporary receiver of the debtor.

On August 13, 1962, pursuant to leave of court, the petitioning creditors filed an amendment to their involuntary petition to convert the Chapter XI proceedings.

At the August 13th hearing, the Court heard, among others, from one of the co-

counsel for the petitioning creditors and attorney for the official Unsecured Creditors' Committee in the Chapter XI proceeding; from the counsel of the Debentures' Holding Committee in the Chapter XI proceeding, and from the counsel of the S.E.C. It is admitted on oral argument in this Court that one or both of the appellants might have been present at the hearing, but in any event, there is no doubt but that they and their counsel had full knowledge thereof. Counsel for the debtor stated to the Court that although " * * * [W]e cannot consent to a conversion to Chapter X, we will take no action to oppose any petition that is filed."

On the same day the hearing was held (August 13, 1962), the District Court entered an order approving the petition to convert the proceedings to Chapter X. Edward Limperis who had been acting as receiver, was appointed trustee. The order noted debtor had announced its abandonment of its plan of arrangement under Chapter XI of the Bankruptcy Act. The Court further found that a Chapter XI arrangement proceeding did not meet the exigencies of the case or provide adequate relief; that the interests of debtor, its creditors and stockholders will be best preserved by the continuance of its business as a going concern under a Chapter X plan of reorganization; that petitioning creditors' petition as amended, complies with the requirements of said Chapter X and of Section 328 of the Bankruptcy Act, and has been filed in good faith.

It appears undisputed that Harvey Rawson and Melvin Adler, as officers, stockholders and directors of the debtor corporation were, at all times, active participants in the Chapter XI proceeding, including the day-to-day operations of the debtor in possession. They were unable, over a five-month period of time, to come up with a satisfactory plan of arrangement. Rawson and Adler were the settlors of the trust designated here as appellants. It is their children who are the beneficiaries under the respective trusts.

On September 11 and September 12, 1962, respectively, the appellants herein filed notices of appeal from the August 13th order. Almost one year later, these notices of appeal were, on stipulation, dismissed.

On September 25, 1962, while their first appeals were pending, the appellants, without leave of court, filed answers to the involuntary petition to convert to Chapter X. Numerous grounds were urged, many of them of a technical nature. Nowhere in the answers was there any request that the order of August 13, 1962, be vacated, or that Edward Limperis be removed as trustee. On September 9, 1963, the petitioning creditors filed a motion to strike the answers of appellants. Several grounds were stated. It was argued that relief should not be available to appellants because the beneficiaries of the trusts which they represented are the respective children of Harvey Rawson and Melvin Adler, and that these individuals were the settlors of such trusts and were also the principal officers, stockholders and directors of the debtor corporation. On September 26, 1963, the District Court entered an order striking the answers of appellants. The current appeals followed.

It seems rather obvious that the true nature of appellants' interest on these appeals is as "fronts" for the principal officers and stockholders of the debtor who failed to come up with a feasible plan of arrangement after five months in court.

The District Judge had a very practical emergency matter facing him. For a five-month period, debtor had been in possession and operating its business, and yet, a feasible plan under Chapter XI was not forthcoming. Debtor not only failed to present such a plan, but announced the abandonment of any such efforts. Later, the same interests, for reasons best known to themselves, sought to delay matters further by appealing to this Court under the guise of representing the children of the two men.

who had been most active in running the affairs of the debtor.

We hold that the District Court was within its authority and powers in holding the issues sought to be raised here had been settled, and were no longer subject to review or collateral attack by appellants who had actively participated in the bankruptcy proceedings prior to the entry of the order of August 13, 1962.

The order of the District Court on September 26, 1963 sustaining creditors-appellees' motion to strike the answers filed by the appellants be and the same is hereby

Affirmed.